McGrath *v.* Seagrave.

---

## THOMAS McGRATH *vs.* JOSIAH D. SEAGRAVE.

A judgment recovered before a magistrate may be proved by his memoranda upon his docket and upon the original writ, and by the production of the original papers in the case, verified by the testimony of the magistrate, if these, when taken together, sho r clearly all the essential particulars of a valid judgment, and no extended record has been made.

CONTRACT upon a promissory note. The defendant relied in set-off on a judgment recovered against the plaintiff by E. A. Goodnow, before Appleton Dadmun, a magistrate of Worcester county, and assigned to the defendant with notice to the plaintiff. The plaintiff denied the existence and validity of the judgment.

At the trial in the superior court, Dadmun was called as a witness, and produced the original writ and promissory notes on which it was based, and other papers filed therein, in favor of Goodnow against the present plaintiff. No personal service was made on McGrath; and an order of notice, by publication in a newspaper, was produced by the witness, on which was a certificate, as follows : " Worcester, ss. June 11, A. D. 1859. I have served the above order, as therein directed. T. L. Nelson." On the back of the writ there were the following memoranda : " Judgment, July 23d 1859. Dam. $100.00. Costs, $7.53. Ex'on, July 25, 1859." The magistrate's docket was also produced, and contained the following memoranda: " 1859 Mar. 12. E. A. Goodnow vs. Thomas McGrath Tr. April 9, '59. Defendant ex re; order of notice issued; order returned Ju. 11. Dft. defaulted, continued for judg. until July 23. Judg. & Exon. July 25." The magistrate testified that he had no other

record of the proceedings before him in the case. No question was raised as to the identity of the defendant in the action before the magistrate with the present plaintiff.

*Vose*, J. allowed the foregoing evidence to go to the jury as proof of a judgment, and they returned a verdict for the plaintiff for the amount of his note, after deducting the amount of the judgment; and the plaintiff alleged exceptions.

*W. A. Williams*, for the plaintiff, cited *Sayles* v. *Briggs*, 4 Met. 421; *Smith* v. *Kirby*, 10 Met. 151.

*T. L. Nelson*, for the defendant, cited *Park* v. *Darling*, 4 Cush. 197; *Pruden* v. *Alden*, 23 Pick. 184; *Gore* v. *Elwell*, 22 Maine, 442.

BIGELOW, C. J. We think the docket entry with the accompanying papers, verified by the testimony of the magistrate, were competent and sufficient proof of a judgment duly recovered against the plaintiff. It was the best evidence in existence to prove the fact. The magistrate had not extended the record. The proceedings all rested in his minutes, and in the writ and other papers which were in his possession. From these taken together, a complete and perfect record could be made up. Every essential fact to constitute a judgment appears from an inspection of the papers and the minutes of the magistrate, without resorting to parol proof. The names of the parties; the notice to the defendant and its return; the default of the defendant; the continuance of the case for judgment until the twenty-third day of July; the rendition of judgment on that day for the sum of one hundred dollars damages and seven dollars and fifty-three cents costs; and the issue of execution on the judgment on the twenty-fifth day of July, are all apparent from the written memoranda produced by the magistrate, and verified by his oath as being the original papers and minutes of the record. The rule is well settled, that minutes may be introduced when the record has not been drawn out *in extenso,* as containing the elements of a record, and in truth, for the time being, constituting the record itself. *Sayles* v. *Briggs*, 4 Met. 421, 423. *Arundell* v. *White*, 14 East, 216. *The King* v. *Smith*, 8 B. & C. 341. 1 Greenl. Ev. § 513. In the case first

cited, the objection to the evidence offered was not that a record could not be proved by minutes of the magistrate, if they were full and sufficient to supply everything that was essential to make the record perfect, but that in that case there were no memoranda or papers in existence to show all the proceedings before the magistrate, and that the absence of them could not be supplied by parol proof. The evidence to prove the judgment in the present case is much more full and complete than that which received the sanction of this court in *Park* v. *Darling,* 4 Cush. 197.

There can be no doubt that the judgment of an inferior court may be proved by producing the original record, if it is drawn out in full, or the minutes of the proceedings, when they are not made up in form and fully extended. But the better and more regular mode of proving judgments of magistrates is by an exemplified copy of the proceedings duly drawn out and certified. This can be always easily procured, and its production avoids the danger of the loss of original papers, and of mistakes in apprehending the meaning of brief docket entries, which are sometimes obscure and difficult to understand.

*Exceptions overruled.*